People v Dozier (2020 NY Slip Op 00693)





People v Dozier


2020 NY Slip Op 00693


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


9 KA 18-00157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL DOZIER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 5, 2017. The judgment convicted defendant upon his plea of guilty of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid. We agree. The best practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *7 [Nov. 26, 2019], citing NY Model Colloquies, Waiver of Right to Appeal). Here, in describing the nature of defendant's right to appeal and the breadth of the waiver of that right, Supreme Court said only: "[T]his case will be over and . . . will go no further." Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), defendant's waiver of the right to appeal was invalid because the court mischaracterized it as an "absolute bar" to the taking of an appeal (Thomas, — NY3d at &mdash).
Nevertheless, we have reviewed defendant's remaining contentions and conclude that none warrant reversal or modification of the judgment.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court